GULF SHIPSIDE STORAGE CORPORA-
TION, Appellant,

v.

COOK & CO., Inc., Appellee.

No. 18178.

United States Court of Appeals
Fifth Circuit.

April 14, 1960.

Sidney W. Provensal, Jr., New Orleans, La., for appellant.

Clarence Clifton, Memphis, Tenn., Charles Kohlmeyer, Jr., New Orleans, La., Clifton, Mack & Kirkpatrick, Memphis, Tenn., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal by defendant-appellant from findings and a judgment[1] in plaintiff's favor in an action against a public warehouseman to recover for weight loss of cotton while in defendant's custody under its usual warehouse receipts.

The plaintiff introduced a stipulation,[2] and thereupon rested its case.

Defendant, its motion for involuntary dismissal denied, offered evidence in support of its defense that it had exercised all of the care and skill required of it in storing plaintiff's cotton and that at all times and in all of its dealings with plaintiff it had acted as a prudent warehouseman.

The district judge, correctly stating: "There is no dispute between the parties as to the law applicable in this case." [177 F.Supp. 870] determined:

(1) "The weight loss in the cotton is stipulated."

(2) "The plaintiff, therefore, has made out its prima facie case." and

(3) That defendant did not sustain its burden of showing "that it acquitted itself of its duty as a warehouseman to furnish this cotton reasonable care, the care a careful owner would take of similar goods."

Asserting that the district judge based his decision entirely upon claimed improper outside storage and in doing so erred, both because only a small part of the cotton was stored outside and because, even as to that portion, defendant sustained its burden of showing due care, appellant is here insisting that the findings and conclusions are clearly erroneous and the judgment may not stand.

Appellee bears down heavily: on the finding of the district judge that the

---

1. Cook & Co., Inc. v. Gulf Shipside Storage Corp., D.C., 177 F.Supp. 869.

2. This showed the number of bales stored by plaintiff in defendant's warehouse; that all of the bales were in good order and condition as of the time of receipt and were so acknowledged by defendant in the issuance of its usual and customary form of negotiable warehouse receipt; that some of the cotton was stored in closed warehouse areas and some was stored in the open yard of defendant's warehouse.

Par. VI of the stipulation provides: "There is involved in this litigation solely the question of the liability of defendant for the value of the difference in the weight of the bales of cotton received by defendant and the weight of the bales delivered by defendant to plaintiff upon the surrender of the individual warehouse receipts. No claim for weight loss is made on any bale where five pounds or less occurred. Likewise, no claim is made for a differential in grade or staple."

Par. VII contains the tabulation of the 2551 bales of cotton, which includes all of the cotton on which a claim is made.

Par. VIII, in tabulated form, shows among other things: in column 7 the weight of each bale of cotton at the time it was received by defendant; in column 8 the weight of the bale upon receipt thereof by plaintiff from defendant; in column 9 the sale price per pound at which plaintiff sold the cotton; in column 10 the loss of weight sustained by each bale between the time of the original weighing by defendant and the time of the receipt of the bale by plaintiff from defendant, a total of 81,726 pounds; in column 11 the loss of plaintiff on disposition of each of the bales of cotton owned by it, the total being $28,219.95.

weight loss in the cotton is stipulated and that plaintiff therefore has made out its prima facie case; and on his further finding that the defendant had not sustained the burden imposed upon it to show the exercise of due care. Pressing upon us the stipulated facts, that all of the bales of cotton were received in good order and condition by Gulf Shipside, and that, between the time they were received by defendant from plaintiff and the time they were returned by defendant to plaintiff, they sustained a loss of 81,726 pounds valued at $28,219.95, it points to the complete absence of explanation by the defendant, consistent with due care, of the heavy loss of weight. Answering appellant's attack upon the findings as incorrectly stating the number of the bales under outside storage and upon the consequent over-attribution of the loss of weight thereto, appellee argues that whether the court erred in this respect is not material for the simple reason: that the parties have stipulated to the actual loss of weight while in defendant's custody; that no explanation whatever has been offered by Gulf Shipside as to the cause or reason for this loss; and that, with the record standing thus, the judgment entered below for plaintiff was demanded.

We agree with appellee's view, that, upon the facts as stipulated and the record made, no other judgment could have been entered.

Apparently relying on the doctrine that a warehouseman is not liable for any loss or injury which occurred after his custody of the goods had ceased, appellant seems to be of the opinion that, because the cotton was shipped overseas, plaintiff received a clean bill of lading from the carrier, and the weights of the cotton on delivery to plaintiff were taken in foreign ports, it must be assumed that the loss of weight occurred not while in, but while away from, the warehouse. Arguing, therefore, that it was the duty of plaintiff to prove that its cotton lost weight while in the facilities of the defendant, and that, because the weights given as received by plaintiff are destination weights or receiver's weights, meaning received by plaintiff's customers, plaintiff failed to make a prima facie case imposing liability upon the warehouseman for the loss, appellant insists that it was not defendant but plaintiff who failed to carry its burden.

We think that, in making this argument, appellant entirely disregards the force and effect of the stipulation, that between the time that the defendant received the cotton from plaintiff and the time that plaintiff received it back from defendant, the loss of weight occurred, and of the findings of the district judge, that defendant failed to carry the burden imposed upon it as a warehouseman.

Upon the facts thus stipulated and the court's finding that defendant did not sustain its burden to show due care, the judgment was demanded. It is affirmed.